IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZEBRA CAPITAL MANAGEMENT, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. _____ ) |
| ZEBRA CAPITAL MANAGEMENT LLC, | ) **JURY TRIAL DEMANDED** ) ) |
| Defendant. | ) |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
INJUNCTIVE, AND OTHER RELIEF**

Plaintiff Zebra Capital Management, LLC ("Plaintiff"), for its Complaint against Defendant Zebra Capital Management LLC ("Defendant"), states as follows:

**Preliminary Statement**

1. Plaintiff has been in business since 2001, is registered as an investment adviser with the U.S. Securities and Exchange Commission (the "SEC"), and is well known in the industry for its high-quality financial management and investment services for a wide variety of clients.

2. Plaintiff is the owner of an incontestable federal service mark Reg. No. 4757061 for the mark ZEBRA® ("ZEBRA Word Mark"). (A true and correct copy of Plaintiff's Certificate of Registration is attached hereto as **Exhibit A**.)

3. Plaintiff has used the registered mark ZEBRA and various other ZEBRA-inclusive registered service marks for a number of years. These include the marks that Plaintiff owns as shown in US Federal Trademark Reg. Nos. 5909135, 5134482, 6540988. (True and correct copies of Plaintiff's Certificates of Registration are attached hereto as **Exhibits B, C, and D**.).

4. Plaintiff has also used the unregistered mark of ZEBRA CAPITAL MANAGEMENT for a number of years.

5. Additionally, Plaintiff operates an Internet website found at www.zebracapital.com.

6. Plaintiff moves this Court for relief related to Defendant's improper use of the names and designations "Zebra" and "Zebra Capital Management," including its improper reservation and use of a substantially similar Internet domain name (www.zebraindexsolution.com) and Defendant's infringements of Plaintiff's service mark rights including but not limited to registered service mark ZEBRA®.

7. Plaintiff brings this action for infringement of its service mark registrations; unfair competition arising under the Lanham Act, Title 15 of the United States Code, Sections 1114(1)(a), 1116, 1117, 1118, 1125(a), under the Delaware Uniform Deceptive Trade Practices Act, 6 *Del. C.* § 2531, *et seq.*, at common law, and cybersquatting under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); against Defendant by virtue of its infringing uses.

## Parties

8. Plaintiff is a Connecticut limited liability company, having its principal place of business at 2187 Atlantic Street, 4th Floor, Stamford, Connecticut 06902.

9. On information and belief, Defendant is a Delaware limited liability company, having its principal place of business in the state of Delaware.

## Jurisdiction and Venue

10. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a), and 1367.

11. Defendant is subject to the personal jurisdiction of this Court under Fed. R. Civ. P. 4 in that Defendant is a limited liability company organized under the laws of the State of Delaware and is a resident of Delaware.

12. Venue is proper in this federal judicial district under 28 U.S.C. §§ 1391(b) and (c), in that Defendant resides in this District, is registered as a limited liability company in this District, and a substantial part of the events giving rise to the claims asserted herein occurred in this District.

**Facts**

I. **Plaintiff's Trademarks**

    A. **Plaintiff's ZEBRA® Word Mark**

13. Plaintiff's Zebra Word Mark covers the following services:

providing and updating a financial index of securities values and classification, analysis, and reporting thereof; compiling financial, securities, stock exchange, trade, index values, and other financial market information for business purposes;

financial and investment services, namely, investment advisory services and investment consultation, investment of funds for others, including private and public equity and debt investment services; operation and management of hedge funds and other collective investment vehicles and trading for others of securities, exchange traded products, options, futures, derivatives, debt instruments and commodities; trading of and investments in securities and financial instruments and products for others; information, advisory, consultancy, and research services relating to finance and investments. **Exhibit A**.

14. Plaintiff registered the ZEBRA Word Mark with the United States Patent and Trademark Office (the "USPTO") on June 16, 2015. **Exhibit A**.

15. Since at least as early as October 31, 2001, Plaintiff has used, and is presently using, the service mark ZEBRA in interstate commerce in the United States to market and promote its financial and investment services, including but not limited to: investment advisory services and investment consultation, investment of funds for others; trading of and investments in securities

and financial instruments and products for others; information, advisory, consultancy, and research services relating to finance and investments.

16. Since at least as early as December 31, 2013, Plaintiff has used, and is presently using, the service mark ZEBRA in interstate commerce in the United States to market and promote its services in providing and updating a financial index of securities values and classification, analysis, and reporting thereof; compiling financial, securities, stock exchange, trade, index values, and other financial market information for business purposes.

      **B.**    **Plaintiff's Z ZEBRA Logo Mark**

17. Plaintiff's service mark for the Z ZEBRA logo consists of the stylized letter "Z" followed by the stylized word "ZEBRA," as shown in US Federal Trademark Reg. No. 5909135 ("Z ZEBRA Logo Mark"). **Exhibit B**.

18. Plaintiff's Z ZEBRA Logo Mark covers the following services:

providing and updating a financial index of securities values and classification, analysis, and reporting thereof; compiling financial, securities, stock exchange, trade, index values, and other financial market information for business purposes;

financial and investment services, including but not limited to: investment advisory services and investment consultation, investment of funds for others; trading of and investments in securities and financial instruments and products for others; information, advisory, consultancy, and research services relating to finance and investments. **Exhibit B**.

19. Plaintiff registered the Z ZEBRA Logo Mark with the USPTO on November 12, 2019. **Exhibit B**.

20. Since at least as early as July 10, 2018, Plaintiff has used, and is presently using, the Z ZEBRA Logo Mark in interstate commerce in the United States to market and promote its financial and investment services, including but not limited to: investment advisory services and investment

consultation, investment of funds for others; trading of and investments in securities and financial instruments and products for others; information, advisory, consultancy, and research services relating to finance and investments.

21. Since at least as early as October 2, 2018, Plaintiff has used, and is presently using, the Z ZEBRA Logo Mark in interstate commerce in the United States to market and promote its services in providing and updating a financial index of securities values and classification, analysis, and reporting thereof; compiling financial, securities, stock exchange, trade, index values, and other financial market information for business purposes.

    **C.**    **Plaintiff's ZEBRA EDGE Mark**

22. Plaintiff's service mark for the ZEBRA EDGE mark is shown in US Federal Trademark Reg. No. 5134482 ("ZEBRA EDGE Mark"). **Exhibit C**.

23. Plaintiff's ZEBRA EDGE Mark covers the services of providing and updating a financial index of securities values and classification, analysis, and reporting thereof; compiling financial, securities, stock exchange, trade, index values, and other financial market information for business purposes. **Exhibit C**.

24. Plaintiff registered the ZEBRA EDGE Mark with the USPTO on January 31, 2017. **Exhibit C**.

25. Since at least as early as February 16, 2016, Plaintiff has used, and is presently using, the ZEBRA EDGE Mark in interstate commerce in the United States to market and promote its services in providing and updating a financial index of securities values and classification, analysis, and reporting thereof; compiling financial, securities, stock exchange, trade, index values, and other financial market information for business purposes.

### D.     Plaintiff's ZEBRA KANTE Mark

26. Plaintiff's service mark for the ZEBRA KANTE mark is shown in US Federal Trademark Reg. No. 6540988 ("ZEBRA KANTE Mark").  **Exhibit D**.

27. Plaintiff's ZEBRA KANTE Mark covers the services of providing and updating a financial index of securities values and classification, analysis, and reporting thereof; compiling financial, securities, stock exchange, trade, index values, and other financial market information for business purposes.  **Exhibit D**.

28. Plaintiff registered the ZEBRA KANTE Mark with the USPTO on October 26, 2021. **Exhibit D**.

29. Since at least as early as June 22, 2021, Plaintiff has used, and is presently using, the ZEBRA KANTE Mark in interstate commerce in the United States to market and promote its services in providing and updating a financial index of securities values and classification, analysis, and reporting thereof; compiling financial, securities, stock exchange, trade, index values, and other financial market information for business purposes.

### E.     Plaintiff's ZEBRA CAPITAL MANAGEMENT Mark

30. Plaintiff's ZEBRA CAPITAL MANAGEMENT service mark covers the services of investment management and related services ("ZEBRA CAPITAL MANAGEMENT Mark"). **Exhibit E**.

31. Since at least as early as October 31, 2001, Plaintiff has used, and is presently using, the ZEBRA CAPITAL MANAGEMENT Mark in interstate commerce in the United States to market and promote its services in investment management services.

## II.     Plaintiff's Promotion of Its Marks

32. Plaintiff owns and operates an Internet website accessible through the domain name www.zebracapital.com (registered by Plaintiff on or about October 10, 2003); which offers and promotes Plaintiff's services.

33. Plaintiff's Internet websites contain, among other information, detailed descriptions of Plaintiff's services, which include but are not limited to investment management services and related services.  Plaintiff's Internet websites also provide potential customers with information with which the customers can evaluate Plaintiff's services and learn about the latest trends, resources, and strategies related to the services Plaintiff provides.

34. Plaintiff markets its services and promotes its brands and service marks throughout the United States.  Specifically, Plaintiff prominently displays its service marks on its Internet websites and in product literature featuring and promoting its website and services.  **Exhibit E** contains screen captures from Plaintiff's Internet website and related sites.  **Exhibit F** contains a brochure describing and advertising Plaintiff's services.

35. Plaintiff's use of the ZEBRA Mark and ZEBRA CAPITAL MANAGEMENT Mark in its business has been continuous and extensive since at least October 31, 2001.

36. Plaintiff has expended substantial time, money, and resources building and maintaining the substantial goodwill associated with its marks and website, which are valuable assets and important to its business.

## III.     Defendant's Infringing Activities

37. Defendant has been using the terms "Zebra," "Zebra Capital," and "Zebra Capital Management" in connection with the promotion and offering of investment management services identical and/or substantially similar and in competition with services offered by Plaintiff.

38. Upon information and belief, in or about May 2021, Defendant reserved the Internet domain name www.zebraindexsolution.com and began promoting and offering services identical and/or substantially similar and in competition with services offered by Plaintiff through that domain name.  Printouts of representative webpages of the www.zebraindexsolution.com Internet website are attached hereto as **Exhibit G**.

39. Upon information and belief, Defendant's Internet website www.zebraindexsolution.com is accessible throughout the United States and the world via the Internet, including in the District of Delaware.

40. Through its Internet website, Defendant promotes and offers investment management services and related services that are identical or substantially similar to the services that Plaintiff has offered, and continues to offer, via its own Internet website, under designations that are the same or substantially similar to Plaintiff's service marks.

41. Upon information and belief, Defendant targets identical or substantially similar markets and customers as those targeted by Plaintiff.

42. There is significant overlap in the target markets for the services of Plaintiff and Defendant. Both focus on offering investment management services and related services.

43. Defendant registered the domain name www.zebraindexsolution.com with actual or constructive knowledge of Plaintiff's registered service mark rights in its ZEBRA Word Mark, Z ZEBRA Logo Mark, ZEBRA EDGE Mark, and ZEBRA KANTE Mark (collectively, "Plaintiff's Zebra Marks").

44. On information and belief, Defendant has never used the www.zebraindexsolution.com domain name in connection with any bona fide offering of goods or services prior to incorporating the name in the www.zebraindexsolution.com domain name registration.

45. Defendant has made no bona fide noncommercial or fair use of the www.zebraindexsolution.com domain name in connection with its website.

46. On information and belief, Defendant registered the domain name www.zebraindexsolution.com domain name with the intent to divert consumers seeking Plaintiff's online site to a different site, thus harming the goodwill symbolized by Plaintiff's marks, and creating a likelihood of confusion as to the source of goods or services offered under the domain names or as to the source, sponsorship or affiliation of the websites connected with the various domain names.

47. On information and belief, Defendant registered and used the www.zebraindexsolution.com domain name with the bad faith intent to profit directly by its own use of the domain name.

48. On information and belief, Defendant registered and used the www.zebraindexsolution.com domain name with the bad faith intent to profit indirectly by harming its competitor Plaintiff, by preventing Plaintiff from using its marks in the www.zebraindexsolution.com domain name for Plaintiff's own website, thereby diverting or confusing consumers and potential consumers.

49. Plaintiff recently learned, for the first time, that Defendant was using an Internet website to promote and market investment management services identical and/or substantially similar to those offered by Plaintiff and covered by Plaintiff's marks or marks substantially similar thereto.

50. By letter dated November 17, 2021, counsel for Plaintiff wrote to Defendant, putting Defendant on actual notice of Plaintiff's rights in Plaintiff's Zebra Marks and demanding, among other things, that Defendant cease using the term "Zebra," and all other variations thereof, in

promoting, selling, or offering any investment management services and other related products and services. Plaintiff's November 17, 2021 letter is attached hereto as **Exhibit H**.

51. Defendant then responded through Facebook Messenger and identified an attorney, but the attorney failed to respond or provide authorization to contact the client representative directly. Instead, Defendant or a representative of Defendant responded by email on November 26, 2021, and demanded $200,000 from Plaintiff. Defendant's Facebook Messenger communications, November 26, 2021 response, and the parties' subsequent communications are attached hereto as **Exhibit I**.

52. Defendant has refused to agree to withdraw or modify its use of the Plaintiff's service marks and marks substantially similar thereto.

53. Upon information and belief, in choosing the mark Zebra Capital as the title of its website, Zebra Capital Management LLC as the name under which it conducts business, and with Zebra as the predominant portion of its URL, Defendant is attempting to benefit from the reputation and goodwill Plaintiff has built in the investment management services market and, in particular, Plaintiff's Zebra Marks.

54. By reason of Defendant's acts, Plaintiff has been seriously and irreparably damaged, and, unless Defendant is restrained, Plaintiff will continue to be so damaged.

## Count I
### Infringement of Plaintiff's Registered Service Marks
### in Violation of § 32(1) of the Lanham Act, 15 U.S.C. §1114(1)

55. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

56. Defendant's willful and knowing use of Plaintiff's Zebra Marks and marks confusingly similar thereto in the conduct of its business has caused confusion, and is likely to continue to cause confusion, as to the source or origin of Plaintiff's services under its federally registered Plaintiff service marks.

57. By reason of Defendant's acts set forth above, Plaintiff is being irreparably injured and has no adequate remedy at law. Defendant's past and continued use in commerce of the Plaintiff service marks and marks confusingly similar thereto to promote and market its identical and/or substantially similar customer and brand research services constitutes infringement of Plaintiff's registered service marks, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

58. Plaintiff is entitled to recover from Defendant all damages that Plaintiff has sustained and will sustain, in addition to all gains, profits and advantages obtained by Defendant as a result of its willfully infringing acts alleged above, in an amount not yet determined, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117.

## COUNT II
### Violation of Delaware Uniform Deceptive Trade Practices Act, 6 *Del. C.* § 2531 *et seq.*

59. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

60. Defendant's past and continued use in commerce of Plaintiff's service marks and marks confusingly similar thereto to promote and market Defendant's identical and/or substantially similar financial management and investment services constitutes unfair methods of competition and unfair or deceptive acts or practices under the Delaware Uniform Deceptive Trade Practices Act, 6 *Del. C.* § 2531, *et seq*.

61. Defendants and/or its agents or other persons acting on its behalf, willfully and knowingly passed off Plaintiff's services as its own and caused a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, affiliation, connection, or association with, or certification by Defendant's services through the use of Plaintiff's Zebra Marks and marks confusingly similar thereto in the conduct of its business in violation of 6 *Del. C.* § 2532(a). Defendant's statements deceived or were likely to deceive Plaintiff's actual and potential

customers, and the public, in a material way because the statements were likely to influence actual and potential customers' purchasing decisions.

62. By reason of Defendant's intentional and willful infringement of Plaintiff's service mark rights, Plaintiff has been and will continue to be irreparably harmed unless Defendant is preliminarily and permanently enjoined from its unlawful conduct pursuant to 6 *Del. C.* § 2533(a).

63. Plaintiff has no adequate remedy at law.

64. Defendant's actions, as alleged herein, shows that Defendant has willfully violated the Delaware Uniform Deceptive Trade Practices Act. Plaintiff therefore is entitled to an award of attorneys' fees and costs pursuant to 6 *Del. C.* § 2533. Defendant should also be assessed a penalty for its willful violations under 6 *Del. C.* § 2533(e).

65. Because Defendant has also violated the common law of this State, Plaintiff is entitled to an award of treble the amount of actual damages under 6 *Del. C.* § 2533(c).

## Count III
## Unfair Competition under Section 43(a)
## of the Lanham Act, 15 U.S.C. § 1125(a)

66. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

67. Defendant's use of the Plaintiff's service marks in the conduct of its business is calculated to, has caused, and is likely to continue to cause confusion and deception.

68. The public and the trade is likely to believe that the services offered by Defendant are licensed, sponsored, authorized, approved, or in some other way associated or connected with Plaintiff's business conducted under Plaintiff's service marks.

69. Defendant has deliberately and willfully attempted to mislead the public and the trade into believing that Defendant's services are sponsored, authorized, or approved by or are in some other way associated with Plaintiff.

70. Defendant, by reason of its acts set forth above, has made and will continue to make profits to which it is not in equity or in good conscience entitled.

71. By reason of Defendant's acts set forth above, Plaintiff is being irreparably injured and has no adequate remedy at law. Defendant's acts set forth above constitute a false association and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

72. By reason of Defendant's intentional and willful infringement of Plaintiff's service marks, Plaintiff has been and will continue to be irreparably harmed unless Defendant is preliminarily and permanently enjoined from its unlawful conduct.

73. Plaintiff is entitled to recover from Defendant all damages that it has sustained and will sustain, and all gains, profits and advantage obtained by Defendant as a result of its infringing acts alleged above, in an amount yet to be determined.

## COUNT IV
## Common Law Unfair Competition

74. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

75. Plaintiff has a reasonable expectancy of entering into valid business relationships in investment management and related services under its service marks.

76. Defendant has wrongfully interfered with Plaintiff's reasonable expectancy of entering into valid business relationships under Plaintiff's service marks.

77. Such wrongful interference by Defendant has defeated Plaintiff's legitimate expectancy of entering into valid business relationships under Plaintiff's service marks and has caused Plaintiff harm.

78. Upon information and belief, Defendant's unlawful activities are intended to capitalize on the goodwill and reputation of Plaintiff, which Plaintiff has expended substantial time, resources and effort to acquire.

79. Defendant's unlawful activities undermine, dilute and otherwise prejudice and tarnish Plaintiff's reputation by exploiting, without authorization, the goodwill associated with Plaintiff's service marks, on which Plaintiff has expended substantial time, resources and effort.

80. Defendant's conduct constitutes unfair competition under the common law of the State of Delaware.

81. By reason of Defendant's intentional and willful infringement of Plaintiff's service mark rights, Plaintiff has been and will continue to be irreparably harmed unless Defendant is preliminarily and permanently enjoined from its unlawful conduct.

82. Plaintiff has no adequate remedy at law.

**COUNT V**
**Violation of Anti-Cybersquatting**
**Consumer Protection Act, 15 U.S.C. 1125(d)**

83. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

84. Plaintiff has suffered harm by virtue of Defendant's bad faith registration and use of the www.zebraindexsolution.com domain name because Plaintiff's own marks have been diluted by Defendant's actions, which have diminished the capacity of Plaintiff to use its marks to identify and distinguish its services on the internet.

85. Plaintiff has suffered harm by virtue of Defendant's bad faith registration and use of the www.zebraindexsolution.com domain name because consumers and potential consumers have not been able to locate Plaintiff through a web address that includes Plaintiff's service marks.

86. Defendant violated the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), by registering the www.zebraindexsolution.com domain name with the bad faith intent to profit from the registration and use of the domain name, when the domain name contained Plaintiff's service mark(s), and those marks were in use, known, and distinctive at the time Defendant registered the domain name. Defendant's wrongful activities have caused injury to

Plaintiff by preventing it from using its marks in its web address and by harming the goodwill represented by the marks, and creating a likelihood of confusion as to source, sponsorship, affiliation or endorsement of the websites of Plaintiff and Defendant connected with the domain names.

87. Defendant's violation of Section 1125(d)(1) entitles Plaintiff to recover statutory damages under 15 U.S.C. § 1117(d) of up to $100,000 per domain name, or its actual damages and Defendant's profits, at the election of Plaintiff.  In the Court's discretion, Plaintiff's actual damages may be trebled.

88. Furthermore, Defendant's conduct makes this an exceptional case under 15 U.S.C. § 1117(a).  Consequently, this Court may, and Plaintiff request this Court to, award Plaintiff's reasonable attorney's fees as the prevailing party.

## DEMAND FOR JURY TRIAL

**Plaintiff respectfully demands a jury trial on all issues so triable.**

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays for an order and judgment against Defendant:

A. Providing that Defendant, its agents, employees and all others acting in concert or participation with them, be preliminarily and permanently enjoined from:

i. Using the ZEBRA Word Mark, Z ZEBRA Logo Mark, ZEBRA EDGE Mark, ZEBRA KANTE Mark, and ZEBRA CAPITAL MANAGEMENT Mark or any other mark, name, or title that incorporates the term ZEBRA, or any colorable imitation thereof or designations similar thereto, in connection with the offering, sale or promotion of investment management services or any other commercial activity in the financial investment industry; and

15

      ii.      Committing any other act calculated or likely to cause the public or trade to believe that Defendant or its business are in any manner connected, licensed, sponsored, affiliated or associated with Plaintiff, or the business of Plaintiff, or from otherwise competing unfairly with Plaintiff; and

      iii.      Using the ZEBRA Word Mark, Z ZEBRA Logo Mark, ZEBRA EDGE Mark, ZEBRA KANTE Mark, and ZEBRA CAPITAL MANAGEMENT Mark or any other mark, name, or title that incorporates the term ZEBRA, or any colorable imitation thereof in any manner in the conduct of business on an Internet website, as a website domain name, or portion thereof.

B.      Ordering the impounding of all of Defendant's advertising and promotional material to the extent that it contains any reference to Plaintiff, including all means of producing copies of advertising or promotional material that infringe Plaintiff's rights;

C.      Order that all signage, printed material, advertisements and other materials which bear the ZEBRA Word Mark, Z ZEBRA Logo Mark, ZEBRA EDGE Mark, and ZEBRA KANTE Mark, ZEBRA CAPITAL MANAGEMENT Mark or any other mark, name, or title that incorporates the term ZEBRA, or any colorable imitation thereof or which if used would violate the injunction herein requested, in the possession, custody or control of Defendant, be delivered up to Plaintiff for destruction;

D.      Providing that Defendant account to Plaintiff for all profits derived from Defendant's wrongful acts of infringement, and order such profits to be paid to Plaintiff, and award damages and costs sustained by Plaintiff, with appropriate interest, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, with such monetary award trebled;

E. Awarding to Plaintiff its reasonable attorneys' fees and such other compensatory damages as this Court may determine to be fair and appropriate including, but not limited to, pursuant to 15 U.S.C. § 1117(a) and 6 *Del. C.* § 2533;

F. Awarding to Plaintiff three times the amount of Defendant's profits or Plaintiff's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b) and 6 *Del. C.* § 2533(c);

G. Ordering the forfeiture or cancellation of the www.zebraindexsolution.com domain name, or the transfer of the www.zebraindexsolution.com domain name to Plaintiff, in accordance with 15 USC § 1125(d) (1)(C); and

H. Granting such other and further relief as this court deems proper and necessary.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs*

Karen Jacobs (#2881)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
kjacobs@morrisnichols.com

*Attorneys for Plaintiff*
*Zebra Capital Management, LLC*

OF COUNSEL:

Frank Benjamin
DENTONS US LLP
303 Peachtree Street, NE
Suite 5300
Atlanta, GA 30308
404-527-4000

Benjamin Harbuck
DENTONS US LLP
One Metropolitan Square
211 N. Broadway
Suite 3000
St. Louis, MO 63102-2741
314-241-1800

January 19, 2022